UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
OLESSIA RAZILOVA, *Individually and On
Behalf of All Those Similarly Situated,*

                            Plaintiff,

              -against-                      **ORDER**
                                                 18 CV 2610 (RJD)(CLP)

HORING WELIKSON & ROSEN, P.C.,

                            Defendant.
----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

On May 2, 2018, plaintiff Olessia Razilova ("Razilova" or "plaintiff"), on behalf of herself and all those similarly situated, commenced this action against Horing Welikson & Rosen, P.C. ("defendant"), pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Presently pending before this Court is plaintiff's motion for leave to file an Amended Complaint, designed to address the deficiencies identified in defendant's August 6, 2018 motion to dismiss.

For the reasons set forth below, the Court grants plaintiff's motion to amend.

FACTUAL BACKGROUND

According to the proposed Amended Complaint, plaintiff is a citizen of New York, residing in Kings County. (Am. Compl.[1] ¶ 5). Defendant Horing Welikson & Rosen, P.C. is alleged to be a New York Professional Corporation, with its principal place of business located

---

[1] Citations to "Am. Compl." refer to plaintiff's proposed First Amended Complaint, dated September 5, 2018, and attached to plaintiff's letter motion for a pre-motion conference as Exhibit 1, ECF No. 17.

in Nassau County. (Id. ¶ 7). Plaintiff alleges that defendant is engaged in the collection of debts allegedly owed by consumers and qualifies as a "debt collector" as defined in 15 U.S.C. § 1692a(6). (Id. ¶¶ 8, 9).

Plaintiff alleges that she fell behind on her rent payments and that thereafter the debt was assigned to defendant for collection. (Id. ¶¶ 10-13). In attempting to collect on the debt, defendant sent two letters to plaintiff. (Id. ¶ 14, Ex. 1[2]). The first letter is captioned "THIRTY DAY NOTICE" (the "30 Day Letter"), and the second letter is captioned "THREE DAY NOTICE" (the "3 Day Letter" [3]). (Id. ¶¶ 15, 16). Both letters bear the same file number, No. XXX0318, and the same stamped code "9245-1270-1H." (Id. ¶¶ 17, 18). Both letters bear the same date as well – December 8, 2017. (Id. ¶¶ 15, 16). Although the 3 Day Letter is ostensibly signed by the landlord, plaintiff alleges that defendant sent both letters to plaintiff. (Id. ¶ 19). Plaintiff further alleges that these letters were the initial communications received by plaintiff from defendant. (Id. ¶ 20).

The 30 Day Letter states, "As of this date no attorney with the above named law firm has personally reviewed the particular circumstances of the account that is addressed by this communication." (Id., Ex. 1). It also states the total amount of the debt and provides the following:

> This advice pertains to your dealings with the above mentioned law firm as a debt collector. This opportunity to dispute the debt is separate from any response that you are required to make or any action you are required to take with respect to any other legal notices you receive. Please respond to any legal notices you may receive within the time frames set forth in those notices. This Notice does not affect your dealings with the Court, and in

---

[2] Citations to "Ex. 1" refer to the two letters that plaintiff received, attached as Exhibit 1 to the Amended Complaint.
[3] This letter is also referred to as a "rent demand notice," which landlords are required to send as a prerequisite to commencing a summary proceeding for nonpayment of rent. See N.Y. Real Prop. Acts. Law § 711(2); Romea v. Heiberger & Assocs., 163 F.3d 111, 117 (2d Cir. 1998).

> particular it does not change the time in which you must answer a Nonpayment Notice of Petition and Petition, which is a command from the court, not from this office, and you must follow its instructions even if you dispute the validity or amount of the debt. The advice in this letter also does not affect the above law firm's relations with the Court. As lawyers, we may file papers in the suit according to the Court's rules and the judge's instructions.

(Id.)

The 3 Day Letter informs plaintiff that she is "indebted to the Landlord . . . for rent."

(Id.) It also provides that she is:

> required to pay on or before the expiration of three (3) days from the date of service of this Notice, or surrender up the possession of said Premises to the Landlord, in default of which the Landlord will commence summary proceedings under the statute to recover the possession thereof.

(Id.)

The Amended Complaint raises three individual claims as well as Class allegations. The first claim alleges that defendant violated Section 1692g(b) in that: 1) the 3 Day Letter failed to provide the notice required by Section 1692g, demanded payment within three days, made no mention of the letter being a legal notice, made no mention of the 30 Day Letter, and failed to explain that plaintiff had the right to dispute or request validation of the debt; 2) the 30 Day Letter made no mention of the 3 Day Letter, failed to explain that the 3 Day Letter did not affect plaintiff's right to dispute the debt or request validation thereof, and included language regarding the threat of a lawsuit that would confuse the least sophisticated consumer and overshadow the right to dispute the debt or request validation of the debt. (Id. ¶¶ 23-72).

The second claim asserts a violation of Section 1692e, in that despite the fact that both the 3 Day Letter and the 30 Day Letter convey threats of legal action, the 30 Day Letter also states that no attorney has reviewed plaintiff's account. (Id. ¶¶ 80-89). Plaintiff alleges that these representations are false, deceptive, and misleading in representing the legal status of the

debt, in suggesting or implying that the communication is from a lawyer, and they constitute false and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), and 1692e(10). (Id. ¶¶ 74-97).

The third claim alleges that the 3 Day Letter failed to disclose that it was a letter from a debt collector, that the debt collector was attempting to collect a debt, and that any information collected would be used for that purpose, in violation of 15 U.S.C. §§ 1692e, 1692e(11). (Id. ¶¶ 99-104).

## PROCEDURAL HISTORY

Following the filing of the initial Complaint on May 2, 2018, defendant requested a pre-motion conference seeking to dismiss the claims pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. (Def.'s 6/1/18 Ltr.[4]). The original Complaint contained only two claims and treated the 30 Day Letter and the 3 Day Letter as if they were one exhibit ("the Notice"). (Compl.,[5] Ex. 1). In the motion for a pre-motion conference, defendant argued that even accepting as true all the allegations in the Complaint, plaintiff had failed to state viable claims for violations of Sections 1692g and 1692e. (Def.'s 6/1/18 Ltr. at 2-3). Specifically, defendant argued that the validation notice contained in the 30 Day Letter fully complied with the FDCPA, a fact that was conceded by plaintiff in the Complaint. (Id. at 2 (citing Compl. ¶ 31 (alleging that "The [30 Day] Letter provides the required 15 U.S.C. § 1692g notice"))). Defendant further argued that the 3 Day Letter, which was signed by the creditor landlord, was

---

[4] Citations refer to "Def.'s 6/1/18 Ltr." refer to defendant's letter motion for a pre-motion conference, filed by defendant on June 1, 2018, ECF No. 9.
[5] Citations to "Compl." refer to plaintiff's initial Complaint, filed on May 2, 2018, ECF No. 1.

"clearly separate and apart from" the 30 Day Letter, requiring dismissal of the Section 1692g claim. (Id.)

As for the second claim in the initial Complaint, defendant argued that the disclaimer in the letter followed language taken from the Second Circuit's decision in Greco v. Trauner Cohen & Thomas, LLP, 412 F.3d 360 (2d Cir. 2005). (Def.'s 6/1/18 Ltr. at 2). Defendant claimed that there was nothing in the 30 Day Letter that threatened legal action and there was nothing in the Complaint to indicate what was actually false about the character, amount, or legal status of the debt. (Id. at 2-3). Finally, defendant argued that plaintiff had failed to suffer a concrete harm necessary to justify the injury in fact requirement of the Constitution. (Id. at 3).

Upon receipt of defendant's pre-motion conference letter, the district court held a pre-motion conference on July 27, 2018, and directed defendant to advise the court by August 3, 2018 if it intended to submit briefing on the motion to dismiss. (Minute Entry, 7/27/2018, ECF No. 13).

On August 3, 2018, defendant indicated an intent to brief the motion to dismiss, and the district court set a briefing schedule requiring the defendant to serve its motion papers by August 6, 2018, with plaintiff's opposition papers due September 6, 2018, and the reply due September 14, 2018. Prior to the due date for the filing of its opposition papers, plaintiff requested a pre-motion conference for permission to file a motion to amend the Complaint. On October 10, 2018, plaintiff's motion was referred to the undersigned.

For the reasons set forth below, plaintiff's motion to amend is granted.

## DISCUSSION

A. The FDCPA

The FDCPA was enacted in order to "eliminate abusive debt collection practices by debt collectors . . . ." 15 U.S.C. § 1692(2); see also Forman v. Academy Collection Serv., Inc., 388 F. Supp. 2d 199, 202 (S.D.N.Y. 2005) (explaining that the FDCPA "was designed to protect consumers from unscrupulous collectors whether or not there is a valid debt"). "The FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses[,] or abuses any debtor, and the making of any false, misleading, or deceptive statements in connection with a debt, and it requires that collectors make certain disclosures." Forman v. Academy Collection Serv., Inc., 388 F. Supp. 2d at 202 (citing 15 U.S.C. §§ 1692d, 1692e, 1692f); see also Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 653 (S.D.N.Y. 2006).

Generally, a plaintiff must satisfy three threshold requirements in order to recover under the FDCPA: "(1) the plaintiff must be a 'consumer;' (2) the defendant must be a 'debt collector;' and (3) the defendant must have committed some act or omission in violation of the FDCPA." Oscar v. Professional Claims Bureau, Inc., No. 11 CV 5319, 2012 WL 2367128, at *3 (E.D.N.Y. June 1, 2012). "As the statute is intended to protect consumers and prevent abusive practices, the statute must be liberally construed in favor of consumers." Cerrato v. Solomon & Solomon, No. 11 CV 623, 2012 WL 6621339, at *5 (D. Conn. Dec. 18, 2012) (interpreting Second Circuit precedent) (citations omitted); see also Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d at 655 (stating that "[t]he Second Circuit . . . has warned debt collectors against loosely interpreting the FDCPA") (quoting Cavallaro v. Law Office of Shapiro & Kreisman, 933 F. Supp. 1148, 1153 (E.D.N.Y. 1996)).

In the proposed Amended Complaint, plaintiff alleges violations of Section 1692g(b) and various provisions of Section 1692e. Section 1692g(b) states in part that, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent

6

with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). In relevant part, Section 1692e prohibits:

> [t]he false representation of the character, amount, or legal status of any debt[;] . . . [t]he false representation or implication that any individual is an attorney or that any communication is from an attorney[;] . . . [t]he threat to take any action that cannot legally be taken or that is not intended to be taken[;] . . . the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer[; and] . . . [t]he failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

15 U.S.C. §§ 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), and 1692e(11).

B. Motion to Amend - Standards

Rule 15 of the Federal Rules of Civil Procedure provides that when a party seeks to amend its pleading beyond the time period allowed for an amendment as a matter of course, that party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Thus, absent the opposing party's consent, the Rule requires a party seeking to amend its pleadings to obtain permission from the court before doing so. Id.

Rule 15 expresses a strong presumption in favor of allowing amendment, stating that "[t]he court should freely give leave when justice so requires." Id. Although the decision whether to grant a plaintiff's motion to file an amended pleading remains within the court's discretion, see Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995), an amendment should not be allowed where there has been bad faith or dilatory motives, or where the amendment would be futile or would cause undue delay or undue prejudice to the opposing party. See Foman v. Davis, 371 U.S. 178, 182 (1962); McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200-01 (2d Cir. 2007) (holding that the Second Circuit has cautioned that an amendment should only be denied "for good reason, including futility, bad faith, undue delay, or

7

undue prejudice to the opposing party"); accord Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). The party opposing amendment bears the burden of demonstrating good reason for denial. Speedfit, LLC v. Woodway USA, Inc., No. 13 CV 1276, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015).

In this case, defendant opposes the amendment on two grounds: 1) futility and 2) prejudice. Each will be addressed in turn.

   1. Futility

An amendment is futile if the proposed pleading would fail to state a claim upon which relief could be granted and thus could not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 459 (S.D.N.Y. 2012) (citing Dougherty v. North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)). Thus, an amendment is futile if the proposed pleading does not contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The proposed amendment must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555). In determining whether the proposed amended pleading states a plausible claim and therefore would not be futile, this Court must accept as true all well-pleaded factual allegations and must draw all reasonable inferences in favor of the party seeking leave to amend. See DiFolco v. MSNBC Cable, LLC, 622 F.3d 104, 110-11 (2d Cir. 2010); accord 5B Charles A. Wright et al., Federal Practice and Procedure § 1357 (3d ed. 2004).

a. <u>Analysis</u>

In opposing the amendment, defendant argues that the crux of plaintiff's claims have not changed. (Def.'s Mem.[6] at 1). Defendant argues that the first two claims in the original Complaint and the proposed Amended Complaint are essentially the same in that plaintiff is alleging that the sending of the 30 Day validation notice[7] along with the 3 Day demand letter from the landlord violates the FDCPA because it is confusing to the least sophisticated consumer. (Id. at 1-2).

Defendant further notes that plaintiff continues to acknowledge that the 30 Day Letter provided the requisite notice under 15 U.S.C. § 1692g, and that therefore, there can be no violation under this provision. (Id. at 1 (citing Am. Compl. ¶ 36)). Defendant further claims that the language of the 30 Day Letter was the same as the language in <u>Ellis v. Solomon & Solomon, P.C.</u>, 591 F.3d 130 (2d Cir. 2010), and <u>Goldman v. Cohen</u>, 445 F.3d at 157 (2d Cir. 2006). (Id. at 2).

Defendant asserts that plaintiff is now alleging that the 3 Day Letter constitutes a debt collection letter and that this separate notice from the landlord demanding payment within three days conflicts with the 30 Day validation notice, causing confusion to the least sophisticated consumer. (Id. at 1-2). Defendant contends that contrary to plaintiff's attempt to read both letters as though they are one document, the 3 Day demand letter is required by Section 711(2) of the Real Property Action Proceedings Law ("RPAPL"), and the 30 Day Letter is required by Section 1692g of the FDCPA. (Id. at 2). Although plaintiff complains that the two contradictory

---
[6] Citations to "Defs.' Mem." refer to the defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Amend the Complaint, dated October 31, 2018, ECF No. 23.
[7] The "validation notice" is language required by Section 1692g(a) that "gives the consumer the information necessary to challenge the debt allegedly owed before making payment to the independent collection agency." <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30, 32-33 (2d Cir. 1996).

9

letters bear the same date, defendant points out that Section 711(2) allows a landlord to commence a summary proceeding for nonpayment of rent after the service of a three-day written demand, and argues that there is nothing that specifically prohibits defendant from sending both the validation notice and the 3 Day RPAPL demand letter at the same time. (Id. (citing Goldman v. Cohen, 445 F.3d at 157)).

Defendant further contends that to the extent that the 3 Day demand letter contains language that can be construed as threats of legal action, in conflict with the 30 Day Letter's disclaimer of attorney review, defendant argues that the language disclaiming attorney involvement follows language approved by the Second Circuit in Greco v. Trauner Cohen & Thomas, LLP, 412 F.3d at 365, and thus is, as a matter of law, not a violation of the FDCPA. (Id. at 3).

As for plaintiff's new proposed third claim, defendant argues that it too is futile in that it alleges that the 3 Day Letter fails to disclose that it is from a debt collector. (Id.) Defendant argues that not only was the 3 Day Letter from the landlord, but there is no dispute that the 30 Day validation notice did contain the requisite language. (Id. at 3-4). Since plaintiff cannot point to any authority which requires the Section 711(2) letter to contain language that it is from a debt collector, defendant argues that there is no violation. (Id.) Defendant distinguishes the cases cited by plaintiff by noting that in each of those cases, the 3 Day Letter was the only letter sent to the debtor, whereas here, plaintiff also received the 30 Day Letter which even plaintiff concedes comports with the requirements of Section 1692g.

1. Plaintiff's First Claim

In response to defendant's arguments, plaintiff submits that in essence, defendant is asking the Court to rule on the merits of the claims, which plaintiff contends should be done in

10

the context of a summary judgment motion. (Pl.'s Reply[8] at 2). More specifically, plaintiff recites the language of Section 1692g(b), which provides that, "Any collection activities and communication during the 30 day [validation] period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." (Id. (quoting 15 U.S.C. § 1692g(b))). Plaintiff argues that any communication that overshadows or contradicts the 30 Day Letter is barred if the communication "'would make the least sophisticated consumer uncertain as to her rights.'" (Id. at 3 (quoting Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008))).

Here, the plaintiff received two letters bearing the same date, one providing a 30 day deadline and the other indicating the landlord's intention to bring legal action to evict the plaintiff if the plaintiff did not pay $2,103.92 "on or before the expiration of three (3) days from the date or service of this Notice." (Am. Compl, Ex. 1). There was no indication or explanation in either letter that regardless of the demand for payment in three days, the consumer still had the right to seek to validate or dispute the debt. (Pl.'s Reply at 3). Moreover, plaintiff argues that even if the 30 Day Letter contained the approved language, it was "overshadowed" by the 3 Day Letter that demanded payment much sooner. (Id. at 4). Plaintiff argues that it is this "overshadowing" caused by the 3 Day Letter that is the violation of Section 1692g, not the actual language contained in the 30 Day Letter. (Id.)

As for defendant's argument that nothing prohibits the mailing of the two letters at the same time, plaintiff asserts that she is not making such an argument and that defendant is simply setting this up as a "classic strawman" argument. (Id. at 4-5). Plaintiff further disputes

---

[8] Citations to "Pl.'s Reply" refer to plaintiff's Reply Memorandum of Law in Further Support of Plaintiff's Motion for Leave to File a First Amended Complaint, filed November 7, 2018, ECF No. 24.

defendant's contention that the 30 Day Letter was in compliance because it contained the same language as in Ellis and Goldman. (Id. at 5, n.2).

The Court finds that plaintiff has alleged sufficient facts to state a claim under Section 1692g in alleging that the language from the 3 Day Letter overshadowed the validation notice. As an initial matter, the Second Circuit has held that a rent demand notice – *i.e.*, the 3 Day Letter – is a "communication" under the FDCPA. Romea v. Heiberger & Assocs., 163 F.3d at 116. Accordingly, such a notice must comply with the statute. Garmus v. Borah, Goldstein, Altschuler & Schwartz, P.C., No. 98 CV 856, 1999 WL 46682, at *3 (S.D.N.Y. Feb. 1, 1999).

Moreover, although the 3 Day Letter was signed by the landlord, courts in this Circuit focus on who sent the letter, not who signed it. Romea v. Heiberger & Assocs., 163 F.3d at 116; see also Dowling v. Kucker Kraus & Bruh, LLP., No. 99 CV 11958, 2005 WL 1337442, at *2 n.2 (S.D.N.Y. June 6, 2005) (noting that "debt collectors cannot evade the requirements of the FDCPA merely by having a creditor sign a violative communication[;] [b]ecause Defendants prepared and sent the rent-demand letter to Plaintiffs, they were required to comply with FDCPA provisions concerning initial communications"); Goldstein v. Hutton, Ingram, Yuzek, Gainen Carroll & Bertolotti, 39 F. Supp. 2d 394, 396 (S.D.N.Y. 1999). In this case, plaintiff alleges in her Complaint that it was defendant that sent the 3 Day Letter. (Compl. ¶ 19).

As stated above, a communication overshadows the validation notice if the communication "would make the least sophisticated consumer uncertain as to her rights." Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d at 90. Here, plaintiff alleges that she was presented with two conflicting statements: 1) she has thirty days to dispute the debt, and 2) she must pay $2,103.92 within three days or face summary proceedings. (Am. Compl., Ex. 1). The 3 Day Letter, which demanded that plaintiff pay the amount due in three days or "surrender up

12

the possession of" the apartment (id.), arguably suggested that plaintiff should ignore her right to take 30 days to dispute the debt and pay within three days, or risk eviction. Although these conflicting statements were in two different letters, these letters were mailed to plaintiff at the same time (Pl.'s Reply at 3), and presented contradictory deadlines by which plaintiff had to pay or dispute the debt. Given that these two letters contain the same date, file number, and stamped code, the Court finds that plaintiff has raised a plausible claim that the least sophisticated consumer may be confused about her rights. See Tipping-Lipshie v. Riddle, No. 99 CV 4646, 2000 WL 33963916, at *3 (E.D.N.Y. Mar. 2, 2000) (finding that a letter in which consumer was "being told to act within one week, while at the same time being told that he has thirty days in which to obtain information regarding the validity of the debt" would make least sophisticated consumer uncertain as to her rights).

In Lawrence v. Borah, Goldstein, Altschuler, Schwartz & Nahins, P.C., the court denied the defendant's motion to dismiss when the defendant served a rent demand letter on the plaintiff, similar to the one at issue here, and sent the validation notice shortly after. No. 04 CV 3066, 2005 WL 2875383, at *1 (S.D.N.Y. Nov. 1, 2005). The court explained that, "[e]ven after receiving the validation notice, the relationship between the threat of eviction and the right to dispute the debt was not necessarily clear." Id.

In a similar vein, the Second Circuit has considered whether certain language in a debt collection letter overshadowed the validation notice provided elsewhere in the letter. For example, in Savino v. Computer Credit, Inc., the text on the front of the letter indicated that "the hospital demands immediate payment," while the validation notice was written on the back of the letter. 164 F.3d 81, 85 (2d Cir. 1998). The Second Circuit concluded that the defendant's notice violated the FDCPA because "the language on the front of the notice, when read in

conjunction with the statutory debt validation on the reverse side, would 'make the least sophisticated consumer uncertain as to her rights.'" Id. (quoting Russell v. Equifax A.R.S., 74 F.3d at 34).

In Russell v. Equifax A.R.S., the debt collection letter to the plaintiff read: "[i]f you do not dispute this claim (see reverse side) and wish to pay it within the next 10 days we will not post this collection to your file" and "[i]t is our practice to post unpaid collections in the amount of $25 or more to individual credit records." 74 F.3d at 34. The validation notice was included on the reverse side of the letter. Id. The Second Circuit found that the language on the front of the letter contradicted and overshadowed the validation notice on the back of the letter. Id. at 35.

Defendant argues that since the language in the 30 Day Letter reflects the notice language suggested by the Second Circuit in Ellis v. Solomon & Solomon, P.C., 591 F.3d 130 (2d Cir. 2010), it did not violate Section 1692g. Although the language is the same in part, defendant's letter also includes the following sentences:

> This opportunity to dispute the debt is separate from any response that you
> are required to make or any action you are required to take with respect to
> any other legal notices you receive. Please respond to any legal notices you
> may receive within the time frames set forth in those notices.

(Compl., Ex. 1). This language does not make it "entirely clear that the right to seek validation of the debt would trump the commencement or continuation of a lawsuit until such time as the debt collector complied with the statute." Shapiro v. Riddle & Assocs., P.C., 240 F. Supp. 2d 287, 291 (S.D.N.Y.), aff'd, 351 F.3d 63 (2d Cir. 2003). Moreover, even though defendant included the validation notice in the 30 Day Letter, "the inclusion of a validation notice in a collection letter does not ensure compliance with the FDCPA." McStay v. I.C. Sys., Inc., 174 F. Supp. 2d 42, 45 (S.D.N.Y. 2001), aff'd, 308 F.3d 188 (2d Cir. 2002). Indeed, "[t]he notice must also be clearly conveyed, so as to inform the least sophisticated consumer of his rights." Id.

14

Accordingly, in light of this case law, the Court finds that plaintiff has raised plausible allegations that the least sophisticated consumer may have believed that she had to pay within three days and thus give up her right to dispute the debt.

To be sure, "'nothing in the FDCPA prevents a debt collector that has not received a request for validation or other reply from a consumer from continuing to attempt to collect the debt during the 30 day validation period,'" but such attempts cannot "'create the impression that the consumer has less than 30 days in which to dispute the debt.'" Belichenko v. Gem Recovery Sys., No. 17 CV 01731, 2017 WL 6558499, at *4 (E.D.N.Y. Dec. 22, 2017) (quoting Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d at 664). The Court therefore grants the motion to amend as to Count One.

2. Plaintiff's Second Claim

As for the second claim, plaintiff contends that the 30 Day Letter violated Section 1692e because it indicated on the one hand that the letter was from a law firm, but also stated that no attorney had reviewed the circumstances of the underlying account. (Pl.'s Reply at 6). Plaintiff argues that despite that representation, both letters indicated a threat to take legal action. (Id.) Plaintiff contends that these inconsistencies violate Section 1692e. (Id.) Plaintiff concedes that the court in Greco v. Trauner, Cohen & Thomas, LLP provided a safe harbor for attorneys who were acting as debt collectors rather than attorneys, but notes that the Greco court only held that the disclaimer would be sufficient if "[n]othing else in the letter confused or contravened this disclaimer of attorney involvement." (Pl.'s Reply at 7 (citing 412 F.3d at 365)). Plaintiff argues that the disclaimer of no attorney review juxtaposed with the threat of legal action is in violation of the FDCPA and not saved by the Greco decision. (Id.) On the one hand, if there had been no lawyer review as indicated by the disclaimer, then plaintiff argues that the letter is false in

15

characterizing the legal status of the debt and implying that it is from an attorney. (Id. at 8). It also contained a threat of legal action that could not be legally taken without attorney review or that was never intended to be taken. (Id.) On the other hand, if an attorney had reviewed the circumstances, the disclaimer itself would be false. (Id.)

Although this claim is a closer question than Count One, the Court agrees with plaintiff that she has presented sufficient facts to state a claim under Section 1692e, in that the letters contained a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). First, in the 30 Day Letter, although defendant states that no attorney has reviewed plaintiff's file, the letter also states, "As lawyers, we may file papers in the suit according to the Court's rules and the judge's instructions." (Am. Compl., Ex. 1). Reference to "the suit" would likely confuse the least sophisticated consumer and suggest that a lawsuit was imminent or already filed – actions that could not occur legally without attorney review. In addition, plaintiff has raised a plausible claim by alleging that the least sophisticated consumer would be confused by the fact that the 30 Day Letter disclaimed attorney review, while the 3 Day Letter stated that summary proceedings would commence if the rent was not paid within three days. (Id.)

Moreover, plaintiff has alleged sufficient facts to assert a claim under Section 1692e(5), given the fact that no legal action was ever taken, despite the assertion in the 3 Day Letter that summary proceedings would commence if plaintiff did not pay the overdue rent before three days had lapsed or surrender the premises. (Id.; Am. Compl. ¶ 94).

### 3. Plaintiff's Third Claim

Finally, as to the third cause of action, plaintiff argues that the Amended Complaint states a claim under Section 1692e(11), which requires debt collectors to disclose that the debt

collector is attempting to collect a debt and that the information obtained would be used for that purpose. (Pl.'s Reply at 9 (citing 15 U.S.C. § 1692e(11))). Plaintiff disputes defendant's argument that because the 30 Day Letter contained the requisite information, there was no need to include it in the 3 Day Letter. (Pl.'s Reply at 9). Plaintiff argues that under the language of the statute, the disclosure requirements apply to each "communication," and therefore should have been contained in the 3 Day Letter as well. (Id.) As for defendant's argument that the language need not have been included in the 3 Day Letter because it came from the landlord, plaintiff argues that it is irrelevant because the signatory of the notice does not change the requirements for disclosure. (Id. at 10 (citing Goldstein v. Hutton, Ingram, Yuzek, Gainen Carroll & Bertolotti, 39 F. Supp. 2d 394, 396 (S.D.N.Y. 1999))).

The Court finds that plaintiff has stated a claim under Section 1692e(11). According to this provision, all communications sent by a debt collector must state that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11); see also Spira v. Ashwood Fin., Inc., 358 F. Supp. 2d 150, 158 (E.D.N.Y. 2005). The Second Circuit has held that a rent demand notice is a "communication" under the FDCPA. Romea v. Heiberger & Assocs., 163 F.3d at 116. Moreover, as stated above, what matters in this inquiry is who sent the letter, not who signed it, and plaintiff alleges that defendant sent it. (Am. Compl. ¶ 19). Therefore, since the 3 Day Letter did not include that the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose, plaintiff has stated a claim under Section 1692e(11).

2. Prejudice

Defendant also seeks to preclude the amendments on the grounds of prejudice. To determine whether an amendment would cause undue prejudice, courts consider whether the

amendment would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; *or* (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." In re 'Agent Orange' Prods. Liab. Litig., 220 F.R.D. 22, 25 (E.D.N.Y. 2004), aff'd sub nom. In re Agent Orange Prod. Liab. Litig., 517 F.3d 76 (2d Cir. 2008) (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)) (emphasis in original). However, "[m]ere delay," without a showing of bad faith or prejudice, is not sufficient grounds for a court to deny leave to amend. Id.; see also United States v. Cont'l Ill. Nat'l. Bank & Trust Co., 889 F.2d 1248, 1254-55 (2d Cir. 1989). In addition, the non-moving party bears the burden of demonstrating that "substantial prejudice would result if the proposed amendment were granted." Agerbrink v. Model Serv. LLC, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) (citing Oneida Indian Nation of N.Y. State v. Cty. of Oneida, N.Y., 199 F.R.D. 61, 77 (N.D.N.Y. 2000)).

      a. Analysis

In essence, defendant is contending that rather than respond to defendant's motion to dismiss, plaintiff waited an entire month before requesting a pre-motion conference to amend, one day before the papers were due. (Def.'s Mem. at 5). Defendant argues that since the allegations are essentially the same in both versions of the Complaint, to make the defendant "go through the exercise again, after already having moved to dismiss, is substantially prejudicial to Defendant, as it will cause further delay in Defendant's desire for an expeditious resolution of claims that are futile and lack merit." (Id.) In response, plaintiff disputes that any prejudice that defendant may suffer will not be "substantial." (Pl.'s Reply at 10).

As mentioned above, one of the factors that courts consider in evaluating the prejudice to the adversary party if an amendment to a pleading is allowed is whether the amendment would

18

require the opponent to expend significant resources to conduct discovery and prepare for trial. Here, there has been no discovery, and the parties are nowhere near trial. (Id. at 11).

Another factor is whether the amendment would significantly delay resolution of the matter. While there has been perhaps some delay caused by plaintiff's motion to amend, in reality, courts often permit plaintiffs to amend complaints after the motion to dismiss is filed. Here, plaintiff has added allegations in response to defendant's arguments and attempted to avoid having the court decide the motion to dismiss. Such a decision by the court would likely be followed by the parties briefing the motion to amend, and then perhaps briefing a second motion to dismiss. At this point, the Court has examined defendant's arguments on the motion to amend, which are in essence the same as the arguments raised in its request for a pre-motion conference to file a motion to dismiss. If the district court agrees, there will be no need for another motion to dismiss and the case can proceed forthwith.

Finally, the third factor to be considered by courts when assessing prejudice is whether the amendment would prevent plaintiff from bringing a timely action in another jurisdiction. The Court does not find this factor applicable to the case at hand.

As plaintiff notes, the only real prejudice defendants can cite to is potentially briefing another motion to dismiss. (Id.) As noted, not only is this not substantial prejudice, but having now considered the arguments made in connection with both the motion to amend and the motion to dismiss, there is no need to revisit these issues in a separate motion, unless defendant intends to raise arguments in support of a motion to dismiss that have not already been made in opposing plaintiff's motion to amend.

CONCLUSION

Accordingly, for the reasons set forth above, the Court grants plaintiff's motion to amend.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
March 25, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York